948 F.2d 1280
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GRANITE CONSTRUCTION COMPANY, Plaintiff-Appellee,
v.
WASHINGTON METROPOLITAN AREA AUTHORITY, Defendant-Appellant,
Commonwealth of Virginia, amicus curiae.
 No. 90-2041.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1991.
Decided Dec. 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-89-1310-A)
 Argued: Gerard J. Steif, Associate General Counsel, Washington Metropolitan Area Transit Authority, Washington, D.C., for appellant.
 Adrian L. Bastianelli, III, Dempsey, Bastianelli, Brown & Touhey, Chartered, Washington, D.C., for appellee.
 On Brief: Thomas B. Dorrier, Associate General Counsel, Arnold I. Melnick, Deputy General Counsel, Robert L. Polk, General Counsel, Francis R. Filiatreau, Linda Lazarus, Colin M. Dunham, Washington Metropolitan Area Transit Authority, Washington, D.C., for appellant.
 Lawrence C. Melton, Dempsey, Bastianelli, Brown & Touhey, Chartered, Washington, D.C., for appellee.
 Mary Sue Terry, Attorney General of Virginia, H. Lane Kneedler, Chief Deputy Attorney General, Gail Starling Marshall, Deputy Attorney General, Guy W. Horsley, Jr., Senior Assistant Attorney General, Richmond, Va., for amicus curiae.
 E.D.Va.
 REVERSED AND REMANDED.
 Before SPROUSE and WILKINSON, Circuit Judges, and HOUCK, United States District Judge for the District of South Carolina, Sitting by Designation.
 OPINION
 SPROUSE, Circuit Judge:
 
 
 1
 Granite Construction Company ("Granite") brought this action against the Washington Metropolitan Area Transit Authority ("WMATA") seeking an injunction and a declaratory judgment to the effect that WMATA's claim for damages resulting from allegedly faulty construction performed by Granite was barred by Virginia's statute of limitations governing contract actions. The district court awarded summary judgment in favor of Granite, and WMATA appeals. We reverse the district court's grant of summary judgment and remand.
 
 
 2
 WMATA is an agency created by an interstate compact approved by Congress. See Act of November 6, 1966, Pub.L. No. 89-774, 80 Stat. 1324 (1967); Va.Code Ann. §§ 56-530 (1986); Md.Transportation Code Ann. § 10-204 (1977). It is an instrumentality of Virginia, Maryland, and the District of Columbia, and is charged with providing a regional system of transportation for the Washington, D.C., metropolitan area. WMATA's activities include construction, operation, and maintenance of the Metrorail rapid transit rail system in all three jurisdictions. Granite is a corporation engaged in the construction business.
 
 
 3
 On November 29, 1973, WMATA awarded a contract to Granite for the construction of a segment of the Metrorail system at Washington National Airport, including the construction of an elevated trackbed. As constructed, a series of reinforced concrete columns support girders which hold the elevated tracks. Spherical bearing assemblies are an integral part of the interface between the columns and the girders.
 
 
 4
 Approximately ten years after construction of the elevated trackbed, WMATA track inspection personnel reported noticeable settlement of the trackbed south of the National Airport station on one of the tracks. Testing revealed that a bearing below the track was buried in improperly placed concrete, immobilizing the assembly. WMATA informed Granite of the problem and asserted that Granite was responsible for repairs because the damage had resulted from defective workmanship by Granite. Granite responded that it could not make the necessary repairs at the site because it was not mobilized in the area.
 
 
 5
 Consequently, WMATA awarded a contract to another contractor for initial investigation and emergency shoring. After the new contractor corrected the bearing assembly problem and other faults discovered during the repairs, WMATA attempted to recover the costs of the repairs from Granite. Upon Granite's refusal to reimburse WMATA for its expenses, WMATA invoked the dispute resolution clause of the contract between the parties. Acting pursuant to contractual authority, WMATA's Contracting Officer awarded $545,077.66 in damages to WMATA. Granite then filed an appeal of the internal administrative award with the Corps of Engineers Board of Contract Appeals as permitted by the contract. Granite subsequently filed this action in the district court, and the appeal to the Corps of Engineers Board of Contract Appeals was stayed pending the resolution of this action in the district court.
 
 
 6
 We have just held in a similar action that WMATA is protected by sovereign immunity from the application of Virginia's statute of limitations governing contract actions. Delon Hampton v. WMATA, No. 90-2047 (4th Cir. Aug. 6, 1991). The resolution of the issue in this appeal is governed by that decision, and we reverse based on its reasoning.
 
 
 7
 Reversed and remanded for further proceedings consistent with the views expressed here and in Delon Hampton.
 
 
 8
 REVERSED AND REMANDED WITH INSTRUCTIONS.